WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Clair Squires,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-14-2216-TUC-DTF<br><br>**ORDER** |

James Clair Squires has filed a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Pending before the Court is the Petition (Doc. 7) and Respondents' Answer to Petition (Doc. 14). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 13.) The Court finds that the Petition should be dismissed on the ground that it is time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

Squires pled guilty to possession of a narcotic drug and two counts of possession of a dangerous drug for sale. (Doc. 14, Ex. F at 1.) On April 2, 2012, he was sentenced to concurrent terms, the longest of which was 15.75 years. (*Id.*, Ex. I at 10.) Squires filed a Notice of Post-conviction Relief (PCR) on April 9, 2012. (*Id.*, Ex. J.) After his appointed counsel found no legal issue of merit, Squires filed a *pro se* PCR Petition on September 18, 2012. (*Id.*, Exs. L, M, N.) The Arizona Superior Court dismissed Squires's PCR Petition on February 6, 2013. (*Id.*, Ex. O at 4.) Squires inquired into the status of the

Petition in July 2013. (*Id.*, Ex. Q.) In August 2013, he received notice that the PCR Petition was dismissed. (*Id.* at 6; Doc. 7 at 11.) Squires did not seek review of the dismissal by the Arizona Court of Appeals. (Doc. 14 at 4; Doc 7 at 5.)

On July 7, 2014, Squires filed the Petition for Writ of Habeas Corpus in this Court. (Doc. 1.) An Amended Petition was filed on August 29, 2014. (Doc. 7.)

## DISCUSSION

Respondents argue that Squires's Petition is time-barred because it violates the statute of limitations.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

In applying (d)(1)(A), the Court must assess when direct review of Squires's convictions became final. The Arizona Superior Court dismissed Squires's PCR Petition on February 6, 2013,[1] and he had thirty days to petition for review by the Arizona Court

---

[1] The Ninth Circuit holds that an Arizona PCR petition by a criminal who pled guilty is a direct review under 28 U.S.C. § 2244 (d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

of Appeals. Ariz. R. Crim. P. 32.9(c). Because Squires did not petition for review, the judgment became final on March 8, 2013, which was the expiration of his opportunity to seek review. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (finding that when a petitioner does not file for review, the judgment becomes final "when the time for pursuing direct review" expires). The AEDPA's one-year statute of limitations began to run the following day, March 9, 2013.

The AEDPA statute of limitations expired one year later on March 9, 2014. Petitioner filed the Petition for Writ of Habeas Corpus on July 7, 2014, 120 days after the statute of limitations expired. Because 485 days elapsed before Squires filed in federal court, the Petition is statutorily time-barred.

Squires argues that the Petition for Writ of Habeas Corpus is not time barred because the delayed notification of the PCR Petition denial justifies equitable tolling.

Petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). To justify equitable tolling, petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling is 'reasonable diligence,' not 'maximum feasible diligence.'" *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). Petitioner's diligence is required to ensure the delay in filing is caused by extraordinary circumstances and not the result of petitioner's inaction. *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006). Petitioner does not need to provide specific dates and times to show diligence, but instead can allege facts that show the failure to file was caused by an extraordinary circumstance beyond his control. *Id.*

Squires argues that the Habeas Petition was untimely filed because the PCR Petition dismissal notification was delayed. To determine if delayed notification by a state court supports equitable tolling, the Court considers when a petitioner received notice; whether he acted diligently to obtain the notice; and "whether the alleged delay of

notice caused the untimeliness of his filing and made a timely filing impossible." *Ramirez v. Yates*, 571 F.3d 993, 997-98 (9th Cir. 2009). In July 2013, ten months after filing the PCR Petition, Squires inquired into the status of the Petition. While Squires does not need to provide specific dates for all status inquires, he has not alleged any other effort to monitor the status of the PCR Petition. After receiving notification of the dismissal, Squires waited eleven months before filing a federal habeas petition. Both his lack of monitoring the PCR Petition and the eleven month delay in filing demonstrate a lack of diligence. Additionally, Squires has not alleged how the delayed notification, and not his inaction, caused a timely filing to be impossible. With approximately seven months remaining, Squires had ample time to file the basic form for a habeas petition before the statute of limitations expired.[2] Because Squires did not act with reasonable diligence nor allege how the delayed notification caused a timely filing to be impossible, equitable tolling is not appropriate.[3]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order

---

[2] If Squires miscalculated the statute of limitations as starting on the day he received notice of the dismissal, equitable tolling would not be appropriate. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (finding that failure to file a timely petition because of "oversight, miscalculation or negligence" on the part of the petitioner "would preclude the application of equitable tolling").

[3] Squires's Petition also asserts that he failed to seek further review by the Arizona Court of Appeals because he lacked access to a law library. While Squires does not rely on this assertion to excuse his delay in filing the Petition for Writ of Habeas Corpus, such an argument would be unsuccessful because he has not shown that the lack of access was the proximate cause of his delay in filing. *Bartholomew v. Carey*, 308 F. App'x 57, 58 (9th Cir. 2009) (requiring petitioner to show that limited access to a law library was the "proximate cause of his delay in filing the federal habeas petition"). Additionally, if he lacked access to a law library and it was found to be an extraordinary circumstance, Squires did not allege that he acted diligently during the time he lacked access. *Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014) ("[D]iligence *during* the existence of an extraordinary circumstance is the key consideration.").

adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 7th day of August, 2015.

D. Thomas Ferraro
United States Magistrate Judge